# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. LAWRENCE,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, FIRST AMERICAN TITLE COMPANY,<br><br>  Defendants.<br>_____/ | Case No. 1: 23-cv-01581-ADA-SKO<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A SECOND AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Robert F. Lawrence, proceeding pro se and *in forma pauperis*, filed a complaint on November 8, 2023. (Doc. 1.) Upon reviewing the complaint, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the

district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.     SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff attached a Civil Cover Sheet to his complaint (Doc. 1-1). Plaintiff lists the following defendants: Wells Fargo Bank N.A., a National Association ("Wells Fargo") and First American Title Insurance Company, a Nebraska Corporation ("First American") (collectively, the "Defendants"). (*Id.*) Under "Basis for Jurisdiction," Plaintiff checked the box for "Diversity." Plaintiff lists himself as a citizen of the state and his county of residence as "Kern County." (*Id.*) Plaintiff also checked boxes indicating the Defendants are citizens of the state and are either incorporated in or have a principal place of business in the state. (*Id.*) Plaintiff lists Wells Fargo's county of residence as San Francisco County and First American's county of residence is listed as Orange County. (*Id.*) Plaintiff also alleges that First American is a Nebraska corporation. (Doc. 1 at 4.) Plaintiff alleges "[t]his court has subject-matter jurisdiction over the causes of action alleged in this Complaint because this court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action." (*Id.* at 6.)

At the center of Plaintiff's complaint is the foreclosure of an owner-occupied residential real property located at 935 East Laurel Avenue in Porterville, California (the "Property"). (Doc. 1 at 4.) On or about August 15, 2003, Plaintiff entered into a written loan agreement (the "loan") with Wells Fargo. (*Id.* at 5.) Wells Fargo agreed to loan plaintiff $190,000 secured by the Property. (*Id.*) The loan included a Deed of Trust, naming Wells Fargo as the beneficiary and Fidelity National Title Insurance Company ("Fidelity") as the trustee. (*Id.* at 5.)

In 2013, Plaintiff suffered from pneumonia and meningitis, and he fell behind on payments to Wells Fargo after the costs associated with his care mounted. (*Id.* at 6.) Plaintiff sought a forbearance or modification to his mortgage, which Wells Fargo denied. (*Id.*) In January 2016,

Plaintiff sought to reinstate the loan and requested a "payoff quote" from Wells Fargo. (*Id.*) Wells Fargo informed the Plaintiff that he would have to pay $15,244.75 to reinstate the loan. (*Id.*) Based on this representation, Plaintiff made a $15,244.75 payment to Wells Fargo. (*Id.*) Plaintiff attempted to follow-up with Wells Fargo to ensure his payment was applied to the loan, but he never received any confirmation. (*Id.*) Unbeknownst to Plaintiff, Wells Fargo applied the funds to an "unapplied" account and not to the loan. (*Id.* at 7.) Plaintiff continued to make monthly payments he believed were being applied to the principal and interest of the loan. (*Id.*) However, because Wells Fargo applied the funds to a different account, it appeared that Plaintiff had not reinstated his loan and was in default. (*Id.*) At some point, First American replaced Fidelity as the trustee under the Deed of Trust, though Plaintiff was unaware of this change. (*Id.* at 6). On October 2, 2017, First American (on behalf of Wells Fargo), recorded a Notice of Default and Election to Sell Under Deed of Trust (the "notice") on the property. (*Id.* at 6.)

In November 2017, Plaintiff wrote a letter to the Defendants seeking to make loan payments and requesting a loan modification. (*Id.* at 6). In January 2018, Plaintiff spoke with Annie Meza, a Home Preservation Specialist at Wells Fargo. *Id.* at 6. She advised Plaintiff to apply for a loan modification, and he did. (*Id.* at 6-7.)

On January 11, 2018, First American, on behalf of Wells Fargo, recorded a Notice of Trustee's Sale. (*Id.* at 7.) Plaintiff contacted Wells Fargo again to attempt to save his home, but to no avail. (*Id.*) On May 15, 2018, Wells Fargo purchased the Property at a foreclosure sale. (*Id.*) Plaintiff alleges Defendants failed to provide accurate material disclosures and notice to allow Plaintiff to cure his default, and they did so willfully, intentionally, knowingly, and in gross or reckless disregard of Plaintiff's notice and disclosure rights. (*Id.*) Based on these facts, Plaintiff alleges the following causes of action:

   1. Breach of Contract
   2. Breach of the Implied Covenant of Good Faith and Fair Dealing
   3. Violations of the Homeowner's Bill of Rights
   4. Fraudulent Misrepresentation
   5. Negligent Misrepresentation
   6. Promissory Estoppel

4

7. Unfair Business Practices (Cal. Bus + Prof Code § 17200).

8. Felonies

9. Embezzlement

10. Aiding and Abetting

11. Obstruction

12. Falsification of Business Records

13. Falsification of Banking Statements

14. Falsification of Mortgage Statements

15. Lack of Due Diligence

16. No Self-Reporting of Any Errors, Omissions of Criminal or Civil Fraud Went Unreported to Mortgage Loan Client

17. Other Banking Violations Not Reported to Client of Mortgages (Of Record) Robert F. Lawrence / or Defendants Attorney in Previous Case

18. Reckless Disregard for Both Checking Accounts and Mortgage Loan Accounts.

In the complaint, Plaintiff also states "[t]his is an action for . . . for Wrongful Foreclosure pursuant to California Civil Code section 2924, *et. seq.*"

Plaintiff seeks the following relief: (1) general damages in an amount to be proven at trial; (2) special damages in an amount to be proven at trial; (3) for pre- and post-judgment interest; (4) for punitive damages and (5) for costs, lost income due and further relief as the Court sees fit and deems proper. (*Id.* at 16.)

### III.  DISCUSSION

For the reasons set forth below, Plaintiff has failed to demonstrate this Court has subject matter jurisdiction over his claims. Plaintiff will be provided with applicable legal standards and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.  Legal Standards**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to

lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.,* 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Plaintiff alleges this Court has diversity jurisdiction over the matter. Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens of a State or of different States."

Diversity jurisdiction requires complete diversity between the parties. *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). Therefore "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (internal quotation marks omitted). "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Corporations are citizens of the states where they have been incorporated and where they have their principal places of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)); *Johnson v. Columbia Properties Anchorage, LP*, 437

F.3d 894, 899 (9th Cir. 2006).

**B.     Analysis**

Construing the complaint liberally, *Erickson*, 551 U.S. at 94, Plaintiff has failed to establish this Court has jurisdiction over the matter. Plaintiff resides in California, but he does not state where he is domiciled (or where he is a citizen). A person's citizenship is based on their domicile, not their residence and therefore, it is impossible to determine whether there is complete diversity between Plaintiff and the Defendants. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Even if the Court interpreted Plaintiff's complaint to allege he is domiciled in California, Plaintiff has still failed to allege facts sufficient to support diversity jurisdiction. While Plaintiff alleges First American is a Nebraska corporation, he does not allege that he and Wells Fargo are citizens of different states. Plaintiff describes Wells Fargo as "a National Association conducting business within this judicial district." (*Id.* at 4.). Plaintiff alleges the Court has personal jurisdiction over the Defendants because "each Defendant resides in, is incorporated in, has its main place of business in and/or conducts business in the state of California." (Doc. 1 at 5.) It is unclear which description applies to Wells Fargo, and therefore, whether Wells Fargo is a citizen of California or another state. As currently pled, Plaintiff's complaint does not establish complete diversity between the Plaintiff and the Defendants.

Plaintiff also failed to allege facts suggesting the amount in controversy exceeds $75,000 as required by § 1332. Plaintiff has alleged he seeks general, special, and punitive damages, as well as pre- and post-judgment interest and for costs and lost income due. However, Plaintiff does not specify any amount in controversy against either or both Defendants. He has therefore failed to allege subject matter jurisdiction on this basis.

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations and cure

7

the pleading defects identified by the Court. *Lopez*, 203 F.3d at 1130; *Gillespie*, 629 F.2d at 640.

Plaintiff is granted leave to file an amended complaint within thirty days. He is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. The Second Amended Complaint must itself allege *all necessary facts* to support a claim for relief; the Court will not consider any previous complaints in its review. Therefore, in an amended complaint, Plaintiff must allege specific facts to establish there is complete diversity between Plaintiff and the Defendants and the amount in controversy exceeds $75,000 to the extent possible. With regard to the amount in controversy, "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

The amended complaint should be clearly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he can allege facts sufficient to support diversity jurisdiction. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   i. File a Second Amended Complaint;
   ii. Notify the Court in writing that he wishes to stand on this complaint; or
   iii. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the

8

amended complaint "Second Amended Complaint" and refer to case number 1:23-cv-01581-ADA-SKO.

3. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **December 4, 2023**                    /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE